## JESSE McHENRY v. JOHN KELLAR et al.

Where the drawer of a note changes his domicil shortly before its maturity, by collusion with the endorser, with the view of creating difficulty in making the proper demand for protest, and thereby enabling the endorser to resist the payment of the note, the demand will be considered as having been properly made at the place where the public had been led to suppose was the drawer's place of business, and the endorser will consequently be held liable.

APPEAL from the Second District Court of New Orleans, *Lea*, J. The plaintiff in *propriâ personâ*. *Lewis* and *Bermudez*, for defendants. The judgment of the court was pronounced by

SLIDELL, J. *Kellar* was sued as endorser of a promissory note, and resists the action upon the ground that there was no demand of payment of the maker. It is true, that the maker removed his domicil to the parish of St. Tammany a few days before the note fell due; and that the demand was made in New Orleans. But we infer from the written opinion of the district judge, that he thought the place at which the note was presented was one with regard to which the maker had so acted as to hold out the idea to the public that it was still his place of business, and that there was collusion between the maker and endorser to get the latter released by embarrassing the holder with regard to the demand. A consideration of the evidence has not satisfied us that we ought to disturb the judgment.

Judgment affirmed, with costs.